UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID EASLEY, )
    Plaintiff, )
  )
    v. )
  )
  )    C.A. No. 05-11356-MEL
KATHLEEN DENNEHY, )
    Defendant. )
  )

MEMORANDUM AND ORDER

LASKER, S.J.

For the reasons stated below: (1) Plaintiff's Application to Proceed *in forma pauperis* is denied as moot in view of this Memorandum and Order; and (2) this action is dismissed without prejudice.

BACKGROUND

I.    Related Case Filing: C.A. 05-11290-EFH

On June 20, 2005, Plaintiff David Easley, a prisoner at MCI Cedar Junction, filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983, accompanied by an emergency motion for a Temporary Restraining Order. Plaintiff named the Commissioner of the Department of Corrections, Kathleen Dennehy, as well as various other prison employees, including mental health workers, and mail room and records supervisor (John Does 1-4).[1]

In his motion, Plaintiff sought to be temporarily transferred to Old Colony Mental Hospital or Bridgewater Mental Hospital. Id. Plaintiff claimed he was in immediate danger of

---

[1] Although Plaintiff states there are twenty-one defendants or more in his Complaint, he has failed to identify their names and/or their roles in the alleged violations. The Complaint thus presents pleading deficiencies under Fed. R. Civ. P. 8(a).

suicide, and that he had been on suicide watch since April 26, 2005.  Id. p. 1-2.  He further contended that he attempted to commit suicide on May 13, 2005 by slitting his wrist and that disciplinary action, rather than therapeutic action, was taken against him by Officer O'Brien. Id. p. 2.

Plaintiff further alleged that MCI Cedar Junction was not equipped with proper mental health facilities to treat his illness.  Id. p. 2.  He also claimed that he was being subjected to cruel and unusual punishment in that he was being deprived of adequate mental health treatment.  Id. These included access to RTU treatment programs such as "depression, wellness, stress management, medication compliance, medication education, animal theory, cage your rage, music and entertainment therapy."  Inmate Grievance and Appeal Form to U-Mass. Correctional Health, dated May 31, 2005.

Plaintiff also sought $130,000 in damages for the lack of mental healthcare.  Id. p. 2-3. Plaintiff sought injunctive relief to "get mental patients out of DDU Supermax isolation units, with brain damages, history of suicide, psych. medication on mental health case and transfer to mental facility."  Id. p. 3.  Plaintiff also requested that the windows in the suicide watch cells be fixed and for Defendants to "stop practice of no heat taking suicide safety blanket freeze out refrigerator."  Id.  He also requested that the mail box be locked and bolted to the wall because the current mailbox was not secure.  Id.

Additionally, Plaintiff alleged that, while not on suicide watch, he was denied access to the court, a pen, a legal pad, carbon paper, legal envelopes, postal stamps, typing paper, attorney phone calls, and inside/outside recreation.  Id. p. 3.

In addition to seeking immediate injunctive relief in the form of a temporary transfer to a

mental health facility, and monetary damages, Plaintiff sought to have his prescription for Zoloft returned, rather than a generic substitute. Id. p. 3, 7.

Plaintiff does not aver that he has exhausted remedies within the prison, but he submitted attachments to his Complaint which indicate he has filed numerous grievances.

By Memorandum and Order dated June 21, 2005, Judge Zobel denied the motion for a Temporary Restraining Order, and directed the Plaintiff to either pay the filing fee or file a completed Application to Proceed *in forma pauperis*, accompanied by his prison account statement, in accordance with 28 U.S.C. § 1915. The Memorandum and Order also directed the Defendant David Nolan, Superintendent, to respond to the allegations contained in Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction, and on June 27, 2005, counsel for the Defendants Kathleen Dennehy and David Nolan entered a limited appearance and filed a response as directed. To date, the filing fee issues remain unresolved.

II.   Civil Action 05-11356-MEL

Eighteen days prior to the filing of C.A. 05-11290-EFH, on June 8, 2005, Plaintiff filed an incomplete Application to Proceed *in forma pauperis*, accompanied by a three page document. However, the Clerk's Office did not open this as a civil action until June 28, 2005, and the matter was randomly assigned. The three page document which has been docketed as the "Complaint" consists of two handwritten pages, and a typed letter from Superintendent David Nolan. The handwritten pages, dated June 7, 2005, are not organized, but states as follows:

Nolan

> If You Wanna Handle this with Diplomacy Withdrawl [sic] the Pending 4 Disciplinary Reports with transfer to Correct Mental Facility RTU (Old Colony) then Comply With MGL 123 App. § 1-1 Article IX (b) Yall [sic] kidnapp [sic] Me 4 AM Send me Hear [sic] Refuse My Zoloft Medication Making Me Unstable knowing I Have Court order For Mental Health treatment its mental Health Fault I have a Bipolar Depression And Ivoluntary [sic] Impulse Control As Well As Explosive Disorder Scitzophienia [sic].  Its Not Procedure to Hold Mentally ill Patients Responsible or Punish them For there[sic] Illness 8th Amend Const. Violation.
>
> Now that you know the Violations You Are Committing If you (Supervisor) Continue to Allow these Violations its not only A Mental Health lawsuit All Supervisors Will Be Held Liable In Court For Monetary Damages. Cc. $25,000.00 Monetary

The document also contains five-digit numbers, which is presumed to be references to the four disciplinary reports, although that is not entirely clear.  The third page is a letter from Superintendent Nolan, dated June 9, 2005 acknowledging receipt of Plaintiff's letter concerning his Zoloft medication, and directing Plaintiff's concerns about medical and mental health issues to the Health Services Unit.  The letter also states that if Plaintiff was not satisfied with his treatment, he should file a medical grievance, and indicated a grievance form was attached.

DISCUSSION

I.   The Court May Screen This Action

Because Plaintiff has sought to proceed *in forma pauperis*, this Court may screen the complaint, pursuant to 28 U.S.C. § 1915.  Section 1915, authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)); if the action fails to state a claim on which relief may be granted; or if the Plaintiff seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Here, Plaintiff's claims are subject to dismissal for the reasons set forth below.

II        Failure to Pay Filing Fee or File Completed Application to Proceed *In Forma Pauperis*

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. § 1915(a)(2).[2]

Plaintiff is advised that, unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Here, Plaintiff has failed to either pay the $250.00 filing fee, or file a certified copy of his prison account balance for the six months preceding the Complaint, so that a determination

---

[2]For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

can be made whether Plaintiff qualifies for *in forma pauperis* status. However, because this action is dismissed for the reasons stated below, and because Plaintiff is under an obligation to comply with the filing fee directives as set forth in Judge Zobel's Memorandum and Order in C.A. 05-11290-EFH, this Court finds Plaintiff's Application to Proceed *in forma pauperis* moot, and therefore the motion is denied.

III.	Failure to Comply with Fed. R. Civ.P. 8 (a)

Although the Court recognizes that *pro se* complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's claims in this case are nonetheless subject to *sua sponte* dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). This standard sets forth a relatively low pleading threshold, and typically a court may

dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In the instant action, even under a generous reading, Plaintiff fails to meet the minimum pleading standards to raise a legally cognizable claim against any defendant. Because Plaintiff's submission reads more like a demand letter or a threat to Superintendent David Nolan in order to prompt action by him (to effectuate Plaintiff's transfer to another facility, to reinstate his Zoloft medication, and to withdraw disciplinary reports against him), it is not entirely clear that Plaintiff actually meant his three page submission to constitute a "Complaint" for this Court, although the filing of an Application to Proceed *in forma pauperis* suggests otherwise. In any event, the Court finds Plaintiff has failed to state any cognizable claim that would allow a meaningful response to be filed, and thus dismissal of this action is warranted.

IV.     Plaintiff's Claims are Subsumed in C.A. 05-11290-EFH

Notwithstanding the Rule 8(a) pleading deficiencies presented by this action, the Court finds that Plaintiff has already raised the same claims (i.e. transfer, proper medication and mental health treatment, etc.) in the context of the case Easley v. Dennehy, et al., C.A. 05-11290-EFH, and the Defendants Dennehy and Nolan have responded to the request for a Temporary Restraining Order/Preliminary Injunction in that action. Plaintiff has actually filed a "Complaint" in that action setting forth in more comprehensible detail his claims.

Accordingly, since the substantive issues he presents in this action are duplicative, and are subsumed in C.A. 05-11290-EFH, the Court finds no prejudice to the Plaintiff by dismissal

of the instant action.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1.  Plaintiff's Application to Proceed Without Prepayment of Fees is denied as moot in view of this Memorandum and Order for dismissal of this action; and

2.  This action is dismissed without prejudice.


Dated:   June 30, 2005                              /s/ Morris E. Lasker
                                                    MORRIS E. LASKER
                                                    SENIOR, UNITED STATES DISTRICT JUDGE